UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gloria M. Biske, | Court File No. 15-cv-3895 (JNE/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden, FCI Waseca, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Respondent's Motion to Dismiss for Lack of Jurisdiction, [Docket No. 11], and Petitioner's Motion to Voluntarily Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 27].

For the reasons discussed herein, the Court recommends **DISMISSING** the present case without prejudice. Accordingly, the Court recommends **DENYING** Respondent's Motion to Dismiss for Lack of Jurisdiction, [Docket No. 11], as moot.

Petitioner initiated the present case on October 19, 2015, by filing her Petition for Writ of Habeas Corpus. [Docket No. 1]. On December 3, 2015, Respondent filed its Motion to Dismiss. [Docket No. 11]. On December 4, 2015, the undersigned issued an Order setting forth an initial briefing schedule on Respondent's motion to Dismiss. [Docket No. 13].

On December 17, 2015, the undersigned ordered additional briefing by Respondent to be filed within thirty days and gave Petitioner thirty days, thereafter, in which respond to that additional briefing. [Docket No. 17]. On February 3, 2016, before Petitioner's response was due, she moved the Court for an order staying the present proceedings pending the Supreme Court of

the United States' issuance of a decision in <u>Welch v. United States</u>, No. 15-6418, 2016 WL 90594 (cert. granted Jan. 8, 2016). (Motion to Stay, [Docket No. 24]). On February 9, 2016, the undersigned granted Petitioner's Motion to Stay, [Docket No. 24], reasoning that <u>Welch</u> would likely have a determinative effect in the present case. (Order, [Docket No. 25]). On April 26, 2016, the undersigned lifted the stay in the present case because the Supreme Court of the United States had issued its decision in <u>Welch v. United States</u>, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016).

On April 27, 2016, Petitioner filed the present motion seeking voluntary dismissal of her Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Petitioner's Motion to Voluntarily Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, [Docket No. 27]). The undersigned construes Petitioner's motion as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41.

In pertinent part, Fed. R. Civ. P. Rule 41 provides that a plaintiff, including a habeas petitioner, may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. (Fed. R. Civ. P. 41(a)(1)A)(i); <u>see also</u> <u>Williams v. Clarke</u>, 82 F.3d 270, 272 (8th Cir. 1996) (considering whether dismissal pursuant to Rule 41 notice of voluntary dismissal filed by habeas petitioner was with or without prejudice)). Respondent has not filed an answer or a motion for summary judgment, only its Motion to Dismiss, [Docket No. 11]. The opposing party's filing of a motion to dismiss may preclude voluntary dismissal by a plaintiff only if the reviewing court is required to treat the motion to dismiss as a motion for summary judgment, i.e., when the reviewing court considers matters outside the pleadings in ruling on the motion. <u>See, e.g.</u>, <u>Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers</u>, 452 F.2d 794, 797 (5th Cir. 1971). In

the present case, the undersigned has not considered any matters outside the pleadings with regard to the motion to dismiss. In fact, the Court has not considered the motion to dismiss in any regard because the present proceedings were stayed before Petitioner's response to Respondent's additional briefing was due. Accordingly, Petitioner is entitled, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), to voluntarily dismiss the present action, and Respondent's Motion to Dismiss, [Docket No. 11], is therefore moot.

For the foregoing reasons, the Court recommends **DISMISSING** the present action without prejudice and **DENYING** Respondent's Motion to Dismiss, [Docket No. 11], as moot.

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That this case be **DISMISSED** without prejudice; and,

2. That Respondent's Motion to Dismiss, [Docket No. 11], be **DENIED as moot**, as set forth above.

Dated: May 6, 2016      **/s/ Leo I. Brisbois**
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.